IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**Edward Gallagher,**

 **Petitioner,**

v.                  Civil Action No. 5:14cv101
                    (Judge Stamp)

**Anne Mary Carter, Warden,**

 **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On July 31, 2014, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On August 18, 2014, he paid the $5.00 filing fee. The petitioner is a federal inmate who was housed at FCI Morgantown and is challenging the validity of his sentence arising out of criminal proceedings in the United States District Court for the Eastern District of Michigan. This matter is pending before the undersigned for a Report and Recommendation.

### II. FACTS[1]

Petitioner initially entered a guilty plea on June 17, 2009 to the charge of distribution of methamphetamine, in violation of 21 U.S.C. 841(a)(1). The Rule 11 Plea Agreement calculated a guideline range of 108 to 135 months, with the statutory minimum sentence of 120 months based on the quantity of methamphetamine (600 grams). This 120-month minimum sentence was considered by both parties to over state Petitioner's culpability, but the parties reached an understanding that petitioner would qualify for a "safety valve" exception which would permit the

---

[1]The facts are taken from Petitioner's criminal case available on PACER. 2:07-cr-20400-JAV-VMM, Eastern District of Michigan (Southern District).

Court to impose a sentence lower than the statutory minimum. However, during his review of the case, the probation officer determined that: (1) petitioner possessed a fire arm during one of the relevant drug transactions and (2) as a result, the imposition of a firearm sentencing enhancement was appropriate. This enhancement prevented petitioner from taking advantage of any "safety-valve" exception. At a hearing on March 29, 2011, petitioner was allowed to withdraw his guilty plea in order to re-negotiate a more appropriate agreement with the Government.

On July 12, 2011, Petitioner tendered a new plea of guilty to a one-count superseding information that dropped the count of methamphetamine distribution and instead charged him with using a communication facility to facilitate the commission of a controlled substance offense, in violation of 21 U.S.C. 843(d). This plea agreement included the sentencing enhancement for the possession of a firearm. On November 29, 2011, Petitioner was sentenced to a term of incarceration of forty months. In June and July 2012, he filed motions that sought to amend and correct the presentence investigation report. Petitioner contended that the report erroneously indicated that (1) his last use of illegal drugs occurred in 2004, when, according to him, the correct date was 2006; and (2) he had an involvement with a firearm during a drug transaction. These alleged errors prevented him from participating in a residential drug abuse program, which could entitle him to a reduced sentence upon completion. On August 31, 2012, Petitioner's motions were denied by the court.

On September 24, 2012, Petitioner filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. In his § 2255 motion, Petitioner contended that his attorney provided ineffective assistance during sentencing by failing to: (1) ensure that the Government fulfilled its promise to suppress from his pre-sentence investigation report any evidence relating to his possession of a firearm during a drug transactions; (2) object to an erroneous date provided in the pre-sentence

report as the last year in which he used drugs; and (3) ask for a sentence of probation after the Government asserted that it would not object to such request. On November 15, 2013, the court denied Petitioner's motion to vacate his sentence.

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See

3

Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new

4

Id. at 333-34. rule is not one of constitutional law.[2]

In analyzing Petitioner's challenge to his sentence in the context of the savings clause as set forth in Jones, the undersigned has relied on the recent Fourth Circuit decision in United States v. Surratt, 2015 WL 4591677 (4th Cir. July 31, 2005).

In 2004, a grand jury indicted Surratt on several drug-related counts, including conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The Government then filed a timely information indicating that it would seek enhanced penalties based on Surratt's criminal history. Specifically, the Government's information identified four previous drug-related convictions, each in North Carolina. After his indictment, and despite the prospect of a life sentence, Surratt pleaded guilty to the conspiracy count. At the time, all of Surratt's prior convictions constituted felony convictions as outlined in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). The district court sentenced Surratt to life imprisonment. Following Surratt's appeal and § 2255 motion, the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which overruled Harp and held that a prior conviction will constitute a felony for purposes of an enhanced punishment only if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant. Surratt and the government agreed that only one of Surratt's prior convictions would qualify as a

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

5

"felony drug offense" under Simmons. Surratt's request to file a second or successive § 2255 motion was denied because his motion fell outside the statutorily enumerated exceptions set forth in 28 U.S.C. § 2255(h). Surratt also moved in the district court to vacate his sentence under §§ 2241 and 2255, or for writ of coram nobis. Surratt maintained that, in light of Simmons, he was "innocent" of the career offender enhancement and was the victim of fundamental error. More specifically, Surratt argued that he should not be subject to a mandatory life sentence. The Government did not oppose Surratt's § 2241 request. However, despite the parties' agreement, the district court denied Surratt's motion. Surrat v. United States, 2014 WL 2013328 (W.D.N.C. May 16, 2014).

On appeal, the Fourth Circuit affirmed the district court and emphasized that "Jones opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." Id.*4 As the Fourth Circuit explained: "[t]he traditional view of actual innocence focuses on the elements of the crime of conviction and nothing in Jones deviates from that settled approach." Id. at *6 (internal citations omitted).

The decision in Surratt, is consistent with the Fourth Circuit's historical precedence that Jones "does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a

career offender).³

Here, Petitioner does not argue that he is imprisoned for an offense which is no longer a crime. Rather, relying on Alleyne v. United States, 133 S. Ct. 2276 (2013), Petitioner argues that he did not brandish any firearm, and he was merely in possession of a firearm which itself is not illegal. Therefore, Petitioner maintains that his sentencing enhancements are a complete miscarriage of justice. However, Petitioner's claim for relief under § 2241 is foreclosed by Surratt. Furthermore, Alleyne would not support Petitioner's claim for relief in any event.

In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury.

---

³In addition, it would appear that the Fourth Circuit has now addressed the issue it left open in Whiteside v. United States, 748 F.3d at 547 n. 4 (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit.)

See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, Alleyne is clearly distinguishable from Petitioner's case. In Alleyne, the defendant was convicted by a jury. Conversely, Petitioner signed a plea agreement and thus waived his right to have sentencing determinations made by a jury. As noted earlier, the Rule 11 Plea Agreement signed by the parties contained a sentencing enhancement that reflected Petitioner's possession of the firearm.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to

appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 26, 2015

*/s/ John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE