IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDWARD GALLAGHER,

    Petitioner,

v.                                          Civil Action No. 5:14CV101
                                                        (STAMP)

ANNE MARY CARTER, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] petitioner, a federal inmate, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). In 2011, the petitioner pleaded guilty to using a communication facility to facilitate the commission of a controlled substance offense, in violation of 21 U.S.C. § 843(d). The plea agreement contained a sentence enhancement for the possession of a firearm. That same year, the petitioner received a sentence of 40 months imprisonment. The petitioner both entered his guilty plea and received his sentence before the United States District Court for the Eastern District of Michigan.

The petitioner has since filed several motions. In 2012, the petitioner filed a motion to amend the presentence investigation

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

report used for determining his sentence.  He claimed that the report erred as to the date of his drug use and to his possession of a firearm.  That motion was denied by the court.  The petitioner then filed a motion under 28 U.S.C. § 2255, wherein he asserted a claim of ineffective assistance of counsel.  The court denied that motion.

At issue now is the petitioner's § 2241 petition.  In that petition, the petitioner challenges his sentence.  More specifically, the petitioner believes that he should not have received a sentencing enhancement for his possession of a firearm.  The petitioner denies his use or possession of a firearm during the commission of his offense.  He believes that the law has changed regarding the imposition of such enhancements.  He asserts that a § 2255 motion would be inadequate or ineffective.  Therefore, the petitioner argues that he must file his at issue § 2241 petition, which is sparingly permitted by the "savings clause" under 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  The petitioner then relies on the holding of Alleyne v. United States, 133 S.Ct. 2276 (2013), for further support.  For relief, the petitioner seeks to have this Court remove his sentencing enhancement for possessing a firearm.

United States Magistrate Judge John S. Kaull entered a report and recommendation, wherein he recommends that the petitioner's petition be denied with prejudice.  In particular, the magistrate

2

judge found that the savings clause does not extend to petitioners that challenge their sentence. Moreover, the savings clause does not apply to instances of innocence of a sentencing factor. In addition to the inapplicability of the savings clause, the magistrate judge determined that <u>Alleyne</u> offered no support for the petitioner's contentions. More specifically, the petitioner entered into a plea agreement that contained a sentencing enhancement for possessing a firearm. Therefore, the petitioner waived his right to have a jury determine his sentence. For those reasons, the magistrate judge recommends that the petitioner's petition be denied with prejudice.

The petitioner did not file objections to the report and recommendation.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

### III. <u>Discussion</u>

A federal prisoner may seek relief under § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); see <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). However, under the savings clause, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." <u>In re Vial</u>, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>Jones</u>, 226 F.3d at 333-34.

As the magistrate judge correctly pointed out, the petitioner alleges that he is innocent of the conduct related to his sentencing enhancement. That conduct was possessing a firearm, for which he received an enhancement that was agreed to by the

4

petitioner in his plea agreement. The United States Court of Appeals for the Fourth Circuit has confined the use of the savings clause to "instances of actual innocence of the **underlying offense of conviction**, not just innocence of a sentencing factor." Petty v. O'Brien, No. 1:11CV9, 2012 WL 509852 at *2 (N.D. W. Va. Feb. 15, 2012) (quoting Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender))(emphasis added); see United States v. Surratt, 2015 WL 4591677, at *4-5 (4th Cir. July 31, 2015). Here, the petitioner's § 2241 petition must be denied because he does not assert innocence of his underlying conviction. Rather, he contends that he is innocent of the conduct related to his sentencing enhancement. The law clearly precludes the applicability of the savings clause to such a claim. The magistrate judge's decision on that issue is not clearly erroneous, as supported by the law discussed above. Therefore, the petitioner's petition must be denied.

Moreover, the petitioner's reliance on the holding in Alleyne v. United States, 133 S.Ct. 2151 (2013), is equally misguided. As the magistrate judge properly indicated, the Alleyne holding provides that any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and

5

the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Alleyne, 133 S.Ct. at 2162. However, Alleyne is not intended to be applied retroactively. See In re Mazzio, 756 F.3d 487 (6th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Schuett v. United States, No. 11-20574, 2014 WL 5465447 (E.D. Mich. Oct. 28, 2014). Moreover, unlike the petitioner in Alleyne, in this case the petitioner entered into a plea agreement that contained the sentencing enhancement he now attempts to remove. That means the petitioner waived his right to have a jury make his sentencing determinations. Therefore, Alleyne is inapplicable to the petitioner's case.

## IV. Conclusion

For the reasons set forth above, and because this Court finds no clear error in the magistrate judge's determinations, the report and recommendation of the magistrate judge (ECF No. 15) is AFFIRMED AND ADOPTED. Accordingly, the petitioner's § 2241 petition is DENIED WITH PREJUDICE. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to

6

object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 24, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE